**Morris SCHNITZER, Petitioner,**
v.
**COMMISSIONER OF INTERNAL REVENUE, Respondent.**
No. 13867.

United States Court of Appeals
Ninth Circuit.
May 10, 1954.

S. J. Bischoff, Robert T. Jacob, Portland, Ore., for petitioner.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Robert N. Anderson, Morton K. Rothschild, Charles K. Rice, Sp. Assts. to Atty. Gen., Charles W. Davis, Chief Counsel, Bureau of Internal Revenue, Washington, D. C., for respondent.

Before STEPHENS, HEALY, and POPE, Circuit Judges.

PER CURIAM.

These matters are here on petition to review a decision of the Tax Court. The judgment of the Tax Court is affirmed on the ground and for the reasons given in its opinion, reported in full in Prentice-Hall, Federal Tax Service, 1953, § 53,-080.[1]

1. See also Sam Schnitzer v. Commissioner, 1949, 13 T.C. 43, affirmed per curiam by this Court, 183 F.2d 70, certiorari denied, 340 U.S. 911, 71 S.Ct. 291, 95 L.Ed. 658.

438

POPE, Circuit Judge.

I concur. Appellant argues that this case is not governed by the Sam Schnitzer case, 13 T.C. 43, affirmed by this court at 183 F.2d 70, because here appellant's payment was not to Oregon Steel, but to Alaska Junk. Hence, he says, it could not be a contribution to the former's capital, particularly since he did not pay it until after his stock was sold. I think the Tax Court could properly view the transaction as one in which, pursuant to understanding, Alaska first made the advances, as contributions, on appellant's behalf, and appellant's payments were merely to reimburse Alaska. This finding of the Tax Court cannot be disturbed by us.